# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09514-DOC (SK) | Date | November 19, 2018 |
|---|---|---|---|
| Title | Maravilla v. Sup. Ct of Cal. County of Los Angeles Child Support Court, et al. | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 9, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 conviction and sentence for committing a lewd act upon a child. (Pet., ECF 1 at 2). But because Petitioner admits that he did not file any post-conviction relief after the California Court of Appeal denied his direct appeal in 2015 (Pet. at 3), the Petition is facially untimely and unexhausted.

To satisfy exhaustion, the petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Because Petitioner never raised any claims to the California Supreme Court, whether by direct appeal or habeas petition, his claims are facially unexhausted.

To be timely, the Petition must be filed within one year from the date on which the conviction became final unless tolling applies. *See* 28 U.S.C. § 2244 (d)(1)(A). Statutory tolling applies during only the pendency of a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2). Petitioner's conviction became final on May 25, 2015 when the time to file a petition for review with the California Supreme Court passed. *See* Cal. R. Ct. 8.500. Thus, Petitioner had until May 25, 2016 to file a timely Petition. Because Petitioner admits that he has filed no appeals or petitions that would toll the limitations period, the Petition is facially untimely.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 21, 2018** why this action should not be dismissed as unexhausted and untimely. It remains Petitioner's burden to establish exhaustion and timeliness on any other ground that the Court may not be aware of. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). If Petitioner cannot demonstrate that the Petition is exhausted and timely, the Petition will be summarily dismissed.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09514-DOC (SK) | Date | November 19, 2018 |
|---|---|---|---|
| Title | Maravilla v. Sup. Ct of Cal. County of Los Angeles Child Support Court, et al. | | |

**If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Voluntary Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009.